Scott E. Schutzman, Esq.   SBN 140962
LAW OFFICES OF SCOTT E. SCHUTZMAN
2124 Main Street, Suite 130
Huntington Beach, California 92648
Tel:  (714) 374-0099
Fax:  (714) 374-0104
Email:  schutzy@msn.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LINDA SOUDER, BENJAMIN SAVANNE ROTH, and CHRISTOPHER LEWIS ROTH,

     Plaintiffs,

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; O'CONNOR LAGUNA HILLS MORTUARY dba O'CONNOR MORTUARY,

     Defendants.

Case No.:

**COMPLAINT FOR DAMAGES FOR:**

1. **NEGLIGENCE**
2. **CONCEALMENT FRAUD**
3. **BREACH OF CONTRACT**
4. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**

**DEMAND FOR JURY TRIAL**

Plaintiffs LINDA SOUDER, BENJAMIN SAVANNE ROTH, and CHRISTOPHER LEWIS ROTH, allege as follows:

## Federal Question Jurisdiction

1.      28 U.S.C. § 1331 provides for federal question jurisdiction where a civil action raises a federal question.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331-1332.  The allegations hereinafter will so state such a controversy.  Riverside National Cemetery is managed by the United States Department of Veterans Affairs.

2.      There is also pendent jurisdiction over Defendant O'Connor Laguna Hills Mortuary dba O'Connor Mortuary as the state and federal claims arise over a common set of operative facts under 28 U.S.C. § 1367.

## Plaintiffs' Citizenship

3.      At all relevant times herein, Plaintiff LINDA SOUDER is a resident of the State of Texas.  She is the sister of WILLIAM ROTH, at times herein referred to as "Decedent."

4.      At all relevant times herein, Plaintiff BENJAMIN SAVANNE ROTH is a resident of the State of Texas.  He is the son of WILLIAM ROTH.

5.      At all relevant times herein, Plaintiff CHRISTOPHER LEWIS ROTH is a resident of the State of Texas.  He is the son of WILLIAM ROTH.

6.      At all relevant times herein, Riverside National Cemetery is managed by the United States Department of Veterans Affairs which is the real party in interest and Defendant herein.

7.     At all relevant times herein, Defendant O'CONNOR LAGUNA HILLS MORTUARY dba O'CONNOR MORTUARY, is a California corporation doing business in the County of Orange, State of California.

8.     Plaintiffs are informed and believe, and based thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent to the misfeasance alleged herein, and the acts of each Defendant are legally attributable to the other Defendants.  Plaintiffs allege that Defendants committed one or more independent acts of misfeasance as described herein.  Each Defendant has authorized or ratified the wrongful conduct alleged herein, and acted with a conscious disregard of the rights of Plaintiffs and had advanced knowledge of the misconduct described herein, or had advanced knowledge of the unfitness of their agents and/or employees for the duties that Defendants had hired them to perform.

**Common Set of Facts Related to All Causes of Action**

9.     On or about June 4, 2020, Plaintiffs and each of them filed a tort claim against the United States Department of Veterans Affairs.  On July 31, 2020, the United States Department of Veterans Affairs rejected the claim.

10.     On June 18, 2020, Plaintiffs filed a complaint to the Orange County Superior Court of California against Defendant O'Connor Laguna Hills Mortuary

1 | to protect its statute of limitations.

2 | 11.    William Roth, the Decedent, the brother of Plaintiff Linda Souder,

3 |
4 | and the father of Plaintiffs Benjamin Savanne Roth and Christopher Lewis Roth,

5 | died on or about October 12, 2012.  Arrangements were made and paid for by

6 |
7 | Linda Souder on or about October 26, 2012.

8 | 12.    On or about September 2014, arrangements were made by Irina

9 | Roth, the Decedent's wife, for the interment of his cremains at Riverside National

10 |
11 | Cemetery.  On June 26, 2018, Irina Roth learned that the Riverside National

12 | Cemetery claimed that it never received the cremains from Defendant O'Connor

13 |
14 | Mortuary.

### FIRST CAUSE OF ACTION
### Negligence
### Against Defendant United States Department of Veterans Affairs

13.    Plaintiffs hereby incorporate paragraphs 1-12 as though set forth in

full herein.

14.    On or about September 2014, arrangements were made by Irina

Roth, the wife of Decedent, for the interment of Decedent's cremains at Riverside

National Cemetery.

15.    O'Connor Laguna Hills Mortuary, through its Chief Operating

Officer, Chuck Ricciardi, claims William Roth's cremains were delivered to

Riverside National Cemetery on September 19, 2014.

16.     Defendant United States Department of Veterans Affairs owed a duty to Plaintiffs to exercise due care in the handling and burial of William Roth's cremains.

17.     Defendant United States Department of Veterans Affairs breached that duty by misplacing and/or destroying William Roth's cremains.

18.     As a legal result of the breach of that duty, Plaintiffs and each of them suffered economic damage totaling $8,268.61.

19.     As a legal result of the breach of that duty, Plaintiffs and each of them suffered non-economic damages according to proof.

20.     Plaintiffs did not learn of the breach of duty until late June 2018, early July 2018 at the earliest when they were informed by Irina Roth who was informed by the United States Department of Veterans Affairs.

## SECOND CAUSE OF ACTION
### Negligence
### Against Defendant O'Connor Mortuary

21.     Plaintiffs hereby incorporate paragraphs 1-20 as though set forth in full herein.

22.     On or about September 2014, arrangements were made by Decedent's wife, Irina Roth, to inter the cremains of the Decedent at Riverside National Cemetery.

23.     At that time, Defendants and each of them undertook a professional duty of due care to Plaintiffs and each of them.

24.     Defendants and each of them breached their duty of due care by not delivering Decedent's cremains to Riverside National Cemetery.  The Decedent's wife was not informed by O'Connor Mortuary that it did not deliver the Decedent's cremains to Riverside National Cemetery until she received an email on or about June 26, 2018, informing her of such.

25.     Plaintiffs did not become aware that their Decedent's cremains were never delivered to the Riverside National Cemetery until sometime after the notification to the Decedent's wife, Irina Roth.

26.     The failed delivery of the Decedent's cremains constitutes a breach of duty on the part of Defendant O'Connor Mortuary.  Apparently, O'Connor Mortuary first determined that the cremains were missing on June 26, 2018.  The failure of O'Connor Mortuary to deliver the Decedent's cremains to the Riverside National Cemetery was the legal cause of Plaintiffs' damages.

27.     As a legal result of Defendant's negligence, Plaintiff Linda Souder suffered property damage in the amount of approximately $8,268.61.  Plaintiff Linda Souder paid for the funeral and mortuary services when William Roth died.

28.     As a legal result of Defendant's negligence, Plaintiffs and each of them suffered general damages in an amount according to proof.

### THIRD CAUSE OF ACTION
### Concealment Fraud
### Against Defendant O'Connor Mortuary

29.     Plaintiffs hereby incorporate paragraphs 1-28 as though set forth in full herein.

30.     Defendant O'Connor Mortuary undertook the duty of delivering William Roth's cremains to the Riverside National Cemetery on or about September 2014 by contracting with William Roth's wife, Irina Roth.  Defendant O'Connor Mortuary owed a duty to Plaintiffs to tell Plaintiffs that they lost the cremains of William Roth since they knew who Plaintiffs were by way of the 2012 [prior] contract for services.  Defendant O'Connor Mortuary concealed from Plaintiffs that Defendant lost the cremains of William Roth for a period of over 3 years.

31.     Defendant concealed the fact that the cremains were missing from Plaintiffs until July 3, 2018.

32.     As a legal result of this concealment fraud, Plaintiff Linda Souder suffered special damages in the amount of $8,268.61.

33.     As a legal result of this concealment fraud, each of the Plaintiffs suffered general damages in an amount according to proof.

34.     The action of Defendant was despicable and done with a conscious disregard of Plaintiffs' rights.  It was performed with the intent to vex, injure, and

1    oppress Plaintiffs to the extent necessary to constitute fraud, oppression, and/or

2    malice under California Civil Code § 3294, with the intent to benefit Defendant,

3

4    therefore entitling Plaintiffs to punitive damages in an amount to be determined at

5    time of trial.

6
### FOURTH CAUSE OF ACTION
### Breach of Contract
### Against Defendant O'Connor Mortuary
7

8

9         35.    Plaintiffs hereby incorporate paragraphs 1-34 as though set forth in

10
11   full herein.

12        36.    On or about September 2014, Decedent's wife, Irina Roth, entered

13
14   into a contract with O'Connor Mortuary to transfer the cremains of the Decedent

15   to the Riverside National Cemetery.  Plaintiffs are not in possession of this

16
     contract.
17

18        37.    Defendant O'Connor Mortuary breached the contract by not

19   transferring the Decedent's cremains to the Riverside National Cemetery.

20
21   Plaintiffs and each of them are third party beneficiaries of the contract between

22   Irina Roth and O'Connor Mortuary.

23        38.    Plaintiffs did not become aware of the breach until July 3, 2018.

24

25        39.    As a legal result of the breach, Plaintiff Linda Souder suffered

26   special damages in the amount of $8,268.61, the cost of funeral/mortuary services

27
28   paid when William Roth died.

---

40.   As a legal result of the breach, Plaintiffs and each of them suffered general damages in an amount according to proof.

41.   Plaintiffs were required to sue United States Department of Veterans Affairs as a result of Defendant O'Connor Mortuary's actions in a separate proceeding since this Court had no jurisdiction at the time and in order to toll Plaintiffs' statute of limitations.

## FIFTH CAUSE OF ACTION
### Violation of Business and Professions Code § 17200
### Against Defendant O'Connor Mortuary

42.   Plaintiffs hereby incorporate paragraphs 1-41 as though set forth in full herein.

43.   Defendant O'Connor Mortuary's actions as described herein constitute an ongoing unfair and/or fraudulent business practice within the meaning of Business and Professions Code § 17200.

44.   Plaintiffs seek restitution, declaratory and injunctive relief to restrain Defendants from engaging in this wrongful conduct again.

WHEREFORE, Plaintiffs pray as follows:

On the First and Second Causes of Action:

1.   For compensatory damages according to proof;

2.   For economic and/or special damages according to proof;

3.   For general damages according to proof;

4.      For costs incurred herein;

5.      For such other relief as the Court deems just and proper.

On the Third Cause of Action:

1.      For compensatory damages according to proof;

2.      For economic and/or special damages according to proof;

3.      For general damages according to proof;

4.      For punitive damages;

5.      For costs incurred herein;

6.      For reasonable attorney's fees;

7.      For such other relief as the Court deems just and proper.

On the Fourth Cause of Action:

1.      For compensatory damages according to proof;

2.      For economic and/or special damages according to proof;

3.      For general damages according to proof;

4.      For costs incurred herein;

5.      For reasonable attorney's fees;

6.      For such other relief as the Court deems just and proper.

On the Fifth Cause of Action:

1.      For restitution;

2.      For injunctive and declaratory relief;

1      3.     For costs incurred herein;

2      4.     For such other relief as the Court deems just and proper.

3

4

5   Date: January 26, 2021          LAW OFFICES OF SCOTT E. SCHUTZMAN

6

7                               By:

8                                    Scott E. Schutzman

9                                    Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a trial by jury on all claims.

3

4

5    Date:  January 26, 2021                    LAW OFFICES OF SCOTT E. SCHUTZMAN

6

7                                              By:  _____

8                                                   Scott E. Schutzman

9                                                   Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28